**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| SHERRI L. DAVIS, *et. al*,       ) | |
| ) | |
| Plaintiffs,       ) | Case No. 2:06-cv-00187-WKW-SRW |
| ) | |
| v.       ) | |
| TMA FOREST PRODUCTS GROUP, *et al.*,       ) | |
| ) | |
| Defendants.       ) | |
| ) | |

**DEFENDANT LOUISIANA-PACIFIC CORPORATION'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO DISMISS
COUNTS ONE, THREE, FIVE, SIX, SEVEN, EIGHT, AND NINE OR,
IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Pursuant to Fed. R. Civ. P. 12(b), 12(e), and 7(b), Defendant Louisiana-Pacific Corporation ("Louisiana-Pacific") submits this Memorandum of Law in Support of its "Motion to Dismiss Counts One, Three, Five, Six, Seven, Eight, and Nine Or, In the Alternative, For More Definite Statement," filed concurrently herewith.

As set forth below, Rule 12(b)(6) requires this Court to dismiss Counts One, Three, Six, Seven, Eight and Nine because the statute of limitations period applicable to those claims has long expired. Each of these causes of action therefore fails to state a claim upon which relief may be granted.

Rule 12(b)(6) further requires this Court to dismiss Counts Three, Five, Six, Seven, and Nine because they each fail to state a claim for the additional reasons set forth below. Alternatively, Counts Three, Six, and Nine are so vague, incomplete, and fragmentary that Louisiana-Pacific cannot reasonably frame a response to Plaintiffs' allegations. Even if these Counts are not dismissed under Rule 12(b)(6), this Court should order Plaintiffs to provide a more definite statement of their claims for the reasons described below.

ATL01/12177661v1

Additionally, this Court should require Plaintiffs to provide a more definite statement of the times, places, and circumstances of their alleged chemical exposures and the injuries that allegedly resulted. As pled, Plaintiffs' allegations do not give Louisiana-Pacific fair notice of the basis for Plaintiffs' claims. Thus, Louisiana-Pacific cannot reasonably be required to frame a responsive pleading.

## BACKGROUND

This is one of ten related lawsuits before this Court stemming from operations at a former wood treatment Facility in Lockhart, Alabama (the "Facility").[1] Plaintiffs claim that Defendant Pactiv Corporation ("Pactiv") owned and operated the Facility from March 1979 until November 1983. Compl., ¶ 11, 41. Louisiana-Pacific acquired the Lockhart Facility in November 1983. Compl., ¶ 41. Although Plaintiffs avoid reference to Facility closure, this Court should take judicial notice that Louisiana-Pacific discontinued Facility operations no later than 1999. *See* Ex. A.[2]

Plaintiffs generally assert that Defendants released various chemicals from the Facility through multiple pathways at unspecified times. Compl., ¶ 6. Although the Complaint provides no details, Plaintiffs allegedly resided in the Lockhart and/or Florala community "for

---

[1] *Chambers v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00083-WKW; *Phillips v. Pactiv Corp.*, Civ. No. 2:06-cv-00084-WKW; *Thompson v. Pactiv Corp.*, Civ. No. 2:06-cv-00085-WKW; *Edwards v. Pactiv Corp.*, Civ. No. 2:06-cv-00086-WKW; *Madden v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00186-WKW; *Davis v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00187-WKW; *Douglas v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00188-WKW; *Thompson v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00189-WKW; *Kelley v. v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00190-WKW; and *Cravey v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00191-WKW.

[2] District courts may take judicial notice of relevant public documents in considering a motion to dismiss. *Carroll v. Conecuh County, Ala.,* No. Civ.A. 04-0342-P-M, 2005 WL 1027243, at *7 n.1 (S.D. Ala. April 15, 2005)(quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Exhibit A, which contains publicly-available documents, reflects the Alabama Department of Environmental Management's knowledge that Facility operations ceased by 1999 (at the latest).

2

a period of time." Compl., ¶ 9. Plaintiffs claim that their presence at "homes in various locations in the Florala/Lockhart area caused them to be exposed" to chemicals from the Facility. Compl., ¶ 96. These exposures allegedly resulted in Plaintiffs' unspecified injuries and/or diseases at unspecified dates. Compl., ¶ 97.

Based on these minimal allegations, Plaintiffs asserts nine causes of action against Louisiana-Pacific: Negligence (Count One); Recklessness (Count Two); Negligence *Per Se* (Count Three); "Intentional Tort" (Count Four); Trespass (Count Five); Conspiracy (Count Six); "Products Liability" (Count Seven); Failure to Warn (Count Eight); and "Spoliation" (Count Nine).

### PROCEDURAL POSTURE AND STANDARDS OF REVIEW

Plaintiffs originally filed this lawsuit in the Circuit Court of Covington County, Alabama. Defendants removed the case to this Court on February 28, 2006. Pursuant to Fed. R. Civ. P. 81(c), the Federal Rules of Procedure apply to removed cases and govern procedure after removal.

    A.    **Motions to Dismiss under Rule 12(b)(6).**

Under Fed. R. Civ. P. 12(b)(6), motions to dismiss must be granted where Plaintiffs "can prove no set of facts in support of [a] claim which would entitle [Plaintiffs] to relief." *Jones v. Phyfer*, 761 F.2d 642, 644 (11th Cir. 1985)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). This Court must therefore dismiss all causes of action that Alabama law does not recognize, *see, e.g., Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, No. 05-12320, 2006 WL 212219, at *11 (11th Cir. Jan. 30, 2006), and all causes of action for which Plaintiffs fail to allege the necessary legal elements. *See, e.g., Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002).

    B.    **Motions for More Definite Statement Under Rule 12(e).**

3

Under Fed. R. Civ. P. 12(e), a motion for a more definite statement should be granted whenever "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  In the Eleventh Circuit, Plaintiffs must plead their claims with clarity and precision. *See, e.g., Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 365 (11th Cir. 1996).  This Circuit particularly disfavors "shotgun" complaints, i.e. those relying on generalized allegations rather than pleading specific facts to support each cause of action. *See, e.g., id.* at 366.

## ARGUMENT AND CITATION OF AUTHORITY

### I. Counts One, Three, Six, Seven, Eight, and Nine Are Barred by the Applicable Statute of Limitations and Must Be Dismissed.

Under Alabama law, the Statute of Limitation applicable to Counts One (negligence), Three (negligence *per se*), Six (conspiracy), Seven (products liability), Eight (failure to warn), and Nine ("spoliation") is two-years. Ala. Code § 6-2-38(l).  It is well-settled that a statute of limitations begins to run from the time the cause of action accrues. *Garrett v. Raytheon Co.*, 368 So. 2d 516, 518-19 (Ala. 1979).  In cases involving allegations that hazardous substances causes latent injuries, the Alabama Supreme Court has repeatedly held that the statute of limitations begins to run at the date of a plaintiff's last exposure. *Id.* at 520-21; *see also Becton v. Rhone-Poulenc, Inc.*, 706 So. 2d 1134, 1135-36 (Ala. 1997); *Johnson v. Garlock, Inc.*, 682 So. 2d 25, 26, 28 (Ala. 1996); *Hillis v. Rentokil, Inc.*, 596 So. 2d 888, 889-90 (Ala. 1992).[3]

---

[3] Even apart from these personal exposures, property damage allegedly caused by Facility emissions constituted a legal injury and thus started the limitations period on Plaintiffs' claims against Louisiana-Pacific no later than 1999.  In *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101 (Ala. 2003), the plaintiff brought a wrongful death claim on behalf of a decedent that started smoking cigarettes in 1962, was diagnosed with lung cancer

4

As noted above, Facility operations ceased no later than 1999. *See* Ex. A. Thus, the last possible date that Plaintiffs could bring personal injury claims relating to Facility emissions was 2001.[4] Ala. Code § 6-2-38; *Garrett*, 368 So. 2d at 518-19.

In this case, Plaintiffs did not file suit in this matter until January 30, 2006. Accordingly, the limitations period applicable to Counts One, Three, Six, Seven, Eight, and Nine had long since expired. Under Rule 12(b)(6), this Court should dismiss these time-barred causes of action for failure to state a claim upon which relief can be granted.[5]

## II. Count Three ("Negligence *Per Se*") Fails to State a Claim Upon Which Relief Can be Granted.

Even if this Court does not dismiss Count Three because it is barred by Alabama's two-year statute of limitations, Rule 12(b)(6) nonetheless requires this Court to dismiss Count

---

in 1998, and died sometime between 1998 and 1999. *Id.* at 105 & n.1. The Alabama Supreme Court applied *Garrett*'s "first injury" rule to bar the plaintiff's claims, holding that "the economic loss attributable to supporting an addiction is the first injury a smoker addicted to cigarettes sustains. . . That other damages might follow, including, but not limited to, injury to the person. . . should not defeat the commencement of the running of the applicable statutory limitations period." *Id.* at 114. Thus, an economic injury triggers the limitations period for all claims, including personal injuries, "regardless of whether a plaintiff frames the complaint to seek damages for that economic loss." *Id.*

Here, Plaintiffs claim that "toxic chemicals emitted by Defendants were persistent when deposited in Plaintiffs' home and environment." Compl., ¶ 90. Taking this allegation as true for purposes of this motion, any resulting property damage was immediate and actionable at the time emissions occurred, even if Plaintiffs do not now assert economic damages.

[4] Plaintiffs attempt to avoid applicable statutes of limitation by alleging a tolling agreement between the parties. Although the parties agreed to toll otherwise applicable statutes of limitation for certain individuals from December 16, 2004 to January 27, 2006, that agreement has no bearing on the instant motion.

[5] Plaintiffs may argue that the "federally required commencement date" in 42 U.S.C. § 9658(a)(1) somehow tolled the applicable statutes of limitation. However, "[m]ost federal courts have limited the application of § 9658(a)(1) to situations where an underlying CERCLA claim has been made or could exist based on the presence of hazardous waste – where there is an underlying claim dealing with, or cause of action providing for, cleanup or remedial activities." *Becton v. Rhone-Poulenc, Inc.*, 706 So. 2d 1134, 1137 (Ala. 1997)(citations omitted). In action, Plaintiffs do not assert a CERCLA claim or any claims remotely dealing with cleanup or remedial activities.

Three because Plaintiffs' bare-bones allegations fail to state a negligence *per se* claim upon which relief can be granted. Under Alabama law, "not every violation of a statute or an ordinance is negligence per se." *Parker Bldg. Servs. Co. v. Lightsey*, 2005 WL 1415413 at *3 (Ala. 2005). To establish negligence *per se*, a plaintiff must prove:

> "(1) that the statute the defendant is charged with violating was enacted to protect a class of persons to which the plaintiff belonged; (2) that the plaintiff's injury was the kind of injury contemplated by the statute; (3) that the defendant violated the statute; and (4) that the defendant's violation of the statute proximately caused the plaintiff's injury."

*Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 302 (Ala. 2003).

The first element is crucial. The Alabama Supreme Court has expressly held that plaintiffs cannot recover on negligence *per se* claims unless the allegedly-violated statute was enacted to protect a specific class of persons, "distinguished from the general public." *Parker Bldg. Servs.,* 2005 WL 1415413, at *3. Where a statute's purpose is to protect the general public, Plaintiffs cannot rely on it to establish their negligence *per se* claims. *Id.*

Here, Plaintiffs simply allege that Defendants' failure to report unspecified violations of unidentified environmental laws and regulations constituted negligence *per se*. Compl., ¶ 111. Even taking these allegations as true, Plaintiffs do not state a *prima facie* claim. Setting aside Plaintiffs' complete failure to identify a single law or regulation that Louisiana-Pacific allegedly violated, Plaintiffs do not assert that the violated statutes and/or regulations were enacted to protect a specific "class of persons to which [Decedent] belonged." *Dickinson*, 882 So. 2d at 302. Plaintiffs thus leave Louisiana-Pacific, and this Court, to guess at the laws or regulations allegedly violated, the class of persons that these laws purportedly protect, or

6

whether Decedent belonged to that protected class.[6]  Count Three therefore fails to state a cognizable claim for relief and must be dismissed.

### III. In the Alternative, this Court Should Order Plaintiffs to Provide a More Definite Statement of Their "Negligence *Per Se*" Claim.

Even if Count Three is not dismissed, Rule 12(e) nonetheless entitles Louisiana-Pacific to a more definite statement of the violations purportedly giving rise to Plaintiffs' negligence *per se* claims. *See*, *e.g.*, *Kveragas v. Scottish Inns, Inc.*, 96 F.R.D. 425, 426 (E.D. Tenn. 1983)("Defendants are entitled to know what statute they supposedly violated."). Although Count Three asserts negligence *per se* based on "a violation of the laws and regulations of the State of Alabama," Plaintiffs do not identify a single specific law or regulation that Louisiana-Pacific allegedly violated.  Moreover, the Complaint does not allege (i) when these violations occurred; (ii) how the violations occurred; or (iii) how these violations proximately caused Plaintiffs' injuries.

Consequently, Count Three does not reasonably permit Louisiana-Pacific to ascertain the "laws and regulations" at issue or frame a responsive pleading.  This Court should require Plaintiffs to provide a more definite statement of their negligence *per se* claims, including

---

[6] Although the vagueness of Plaintiffs' allegations forces Louisiana-Pacific (and this Court) to speculate about which laws and regulations were allegedly violated, it should be noted that Plaintiffs cannot state a valid negligence *per se* claim based on alleged violations of Alabama environmental law.  The Air Pollution Control Act, for example, was enacted "to achieve and maintain such levels of air quality as will protect human health and safety [and] foster the comfort and convenience of the people," as well as to ensure that "all values may be balanced in the public interest."  Ala. Code § 22-28-3(a) & (c).  Similarly, the Water Pollution Control Act was enacted to address "pollution of the waters of this state [which] constitutes a menace to public health and welfare."  Ala. Code § 22-22-2.  Likewise, the legislature enacted Alabama's Hazardous Wastes Management and Minimization because "it is in the public interest . . . to provide for the safe management of hazardous wastes."  Ala. Code § 22-30-2.  As these environmental laws were enacted to protect the general public, they cannot form the basis of a negligence per se claim.  *Parker Bldg. Servs. Co.*, 2005 WL 141513, at *3; *Thomas Learning Center, Inc. v. McGuirk*, 766 So. 2d 166, 170-72 (Ala. Civ. App. 1998).  Not only is it unclear what laws Plaintiffs claim were violated, it is also unclear what laws Plaintiffs could possibly cite in support of a negligence *per se* claim in this case.

reasonable identification of the laws and regulations that Plaintiffs contend were violated, the times and manners in which these alleged reporting violations occurred, and how the violations are causally related to Plaintiffs' injuries.

IV.  **This Court Should Dismiss Count Five ("Trespass") Because it Fails to State a Claim Upon Which Relief Can be Granted.**

Rule 12(b)(6) requires dismissal of Count Five for failure to state a claim upon which relief can be granted because Alabama does not recognize a cause of action for "toxic trespass." Count Five asserts that Louisiana-Pacific "caused or allowed hazardous toxic waste to touch and come in contact with the person and property of the Plaintiffs." Compl., ¶ 121. According to Plaintiffs, this contact "violat[ed] Plaintiffs' right to be free from touching and contamination." Compl., ¶ 123. Plaintiffs claim that they "suffered injuries and damages" as a result of this alleged trespass. Compl., ¶ 122.

Under Alabama law, however, these allegations fail to state a valid cause of action. At its heart, Count Five asserts that Defendants' chemical emissions impermissibly "touched" and "came in contact with" Plaintiffs. Compl., ¶¶ 123. In other words, Plaintiffs attempt to state a battery claim for personal injury or "touching" under the guise of a "toxic trespass" theory. *See City of Prichard v. Box*, 396 So. 2d 58, 60 (Ala. 1981)(assault and battery are trespass to person); Ala. Code § 6-2-34 (trespass to person includes assault and battery).

Although Alabama recognizes "trespass to the person" (or civil battery) as a cause of action, neither the courts nor the Alabama legislature have endorsed a "toxic trespass" cause of action like Plaintiffs assert. Moreover, this Court should refuse to permit recovery under a novel theory not previously recognized under Alabama law. *See, e.g., Cargill, Inc. v. Offshore Logistics, Inc.*, 615 F.2d 212, 215 (5th Cir. 1980)(it is up to state high court, and not federal

8

court, to change state law). Because it fails to state a recognized cause of action under Alabama law, Court Five should be dismissed.

## V. This Court Should Dismiss Count Six ("Conspiracy") Because it Fails to State a Claim Upon Which Relief Can be Granted.

Rule 12(b)(6) also requires this Court to dismiss Count Six. Under Alabama law, a "civil conspiracy requires a combination of two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means." *McLemore v. Ford Motor Co.*, 628 So. 2d 548, 550 (Ala. 1993). This means that a *prima facie* conspiracy claim requires (i) an affirmative agreement or "meeting of the minds" between the alleged conspirators; and (ii) a valid underlying tort. *First Bank of Childersburg v. Florey*, 676 So. 2d 324, 327 (Ala. Civ. App. 1996).

Rather than pleading the essential elements of a conspiracy claim, however, Plaintiffs attempt to state a claim based solely on conclusory statements and innuendo. Count Six asserts only that Defendants conspired to violate unspecified "rules, regulations and laws of the State of Alabama." Compl., ¶ 125. These vague and conclusory allegations of conspiracy do not meet the minimum requirements for stating a *prima facie* conspiracy claim under either Alabama law or the Federal Rules of Civil Procedure.

### A. Count Six Fails to State a Claim Because Plaintiffs Allege No Agreement to Conspire.

First, Plaintiffs cannot establish a *prima facie* conspiracy claim against Louisiana-Pacific absent an alleged agreement between Louisiana-Pacific and another party to commit an underlying tort. *Florey*, 676 So. 2d at 327. Under Alabama law, "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553,

9

557 (11th Cir. 1984); *Matthews v. Brookstone Stores, Inc.*, No. 05-0369, 2005 WL 3058158, at *2-3 (S.D. Ala. 2005). Instead, Plaintiffs must identify an affirmative agreement to conspire. *Florey*, 676 So. 2d at 327.

Plaintiffs fail to do so. Although the Complaint alleges that Defendants were successive owners of the Facility, it does not identify a single agreement between Defendants relating to operational issues, much less a concrete "combination" by Defendants to accomplish an illegal purpose. Viewing Plaintiffs' allegations as liberally as possible, Plaintiffs *at most* allege that (i) Pactiv owned and operated the Facility prior to Louisiana-Pacific; and (ii) that the Defendants operated the Facility "with the same local management [and] in the same manner." Compl. ¶¶ 11, 41-42. These allegations do nothing more than describe the vast majority of transactions involving the sale of business assets.

In short, Plaintiffs claim that a conspiracy occurred because Pactiv and Louisiana-Pacific both owned the Facility. Alabama law requires more. Because Plaintiffs fail to plead the affirmative agreement required for liability in even in the vaguest of terms, Rule 12(b)(6) requires dismissal of Count Six.

      **B.    Count Six Fails to State a Claim Because Plaintiffs Fail to Plead a Valid Tort Underlying the Alleged Conspiracy.**

Not only do Plaintiffs fail to allege the requisite elements of a conspiracy claim, they fails to plead a valid tort claim underlying the alleged conspiracy. As noted above, conspiracy claims fail as a matter of law if the underlying tort(s) fail. *Pescia v. Auburn Ford-Lincoln Mercury Inc.*, 68 F. Supp. 2d 1269, 1281 (M.D. Ala. 1999), *aff'd*, 31 Fed. App'x 202 (11th Cir. 2001); *Swanson v. Civil Air Patrol*, 37 F. Supp. 2d 1312, 1334 (M.D. Ala. 1998). Indeed,

"[l]iability for civil conspiracy rests upon the existence of an underlying wrong, and if the action alleged to constitute the underlying wrong provides no cause of action, then neither does the conspiracy itself." *Barber v. Business Prods. Ctr. Inc.*, 677 So. 2d 223, 228 (Ala. 1996).

Here, Count Six is based on Louisiana-Pacific's alleged conspiracy with Pactiv "to violate the rules, regulations and laws of the State of Alabama." Compl., ¶ 125. As with Plaintiffs' negligence *per se* claims, however, Plaintiffs utterly fail to identify the rules, regulations, and laws that Defendants allegedly violated or conspired to violate. Because generic allegations that Louisiana-Pacific violated the law do not satisfy notice pleading requirements, Plaintiffs fail to plead a tort underlying the conspiracy claim. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *Matthews v. Brookstone Stores, Inc.*, No. 05-0369, 2005 WL 3058158, at *2-3 (S.D. Ala. 2005). Count Six therefore fails as a matter of law and must be dismissed.

## VI.    In the Alternative, This Court Should Order Plaintiffs to Provide a More Definite Statement of Their Conspiracy Claim.

Alternatively, if this Court does not dismiss Count Six, it should order Plaintiffs to provide a more definite statement of their conspiracy claims under Rule 12(e). Put simply, Count Six fails to provide any details whatsoever regarding the alleged conspiracy. Not only is the Complaint impermissibly vague as to which Alabama laws and regulations Defendants allegedly conspired to violate, but Plaintiffs wholly fail to describe the acts underlying the conspiracy claim. Without a plain statement of the circumstances surrounding Plaintiffs' alleged conspiracy, Louisiana-Pacific cannot reasonably be required to frame a responsive pleading.

11

## VII. This Court Should Dismiss Count Seven ("Product Liability") Because it Fails to State a Claim Upon Which Relief Can Be Granted.

Pursuant to Rule 12(b)(6), this Court should dismiss Count Seven for failure state a valid claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). The AEMLD is a judicially-created doctrine of strict liability for defective products based on Section 402A of the Restatement of Torts (Second). *See Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. Am. Motors Corp.,* 335 So. 2d 134, 140-41 (Ala. 1976). To establish liability under the AEMLD, Plaintiffs must show that (i) an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to Plaintiffs as the ultimate users or consumers; (ii) the seller was engaged in the business of selling such a product; and (iii) the product was expected to, and did, reach the user without substantial change in the condition in which it was sold. *See Casrell*, 335 So. 2d at 132-33; *Atkins* at 335 So. 2d 140-41.

In this case, Plaintiffs claim that Louisiana-Pacific manufactured chemically-treated wood products and sold the remaining scrap wood to residents of Lockhart and Florala, Alabama for use as firewood. Compl., ¶¶ 84, 132-34. According to Plaintiffs, chemicals made the firewood "defective and unreasonably dangerous when burned." Compl., ¶ 136. Count Seven is fatally defective, however, because it fails to allege the essential elements of AEMLD liability.

### A. Plaintiffs Fail to Allege that They Used or Consumed a Defective Product.

As noted above, the AEMLD imposes liability on parties who sell a defective product that is "unreasonably dangerous to the plaintiff as the ultimate user or consumer." *Casrell*, 335 So. 2d at 132; *Atkins*, 335 So. 2d at 141; *see also Rudd v. Gen. Motors Corp.*, 127 F. Supp. 2d 1330, 1333 (M.D. Ala. 2001). As the Alabama Supreme Court has noted, AEMLD

12

liability attaches only because a defendant "has exposed expected users of a product not reasonably safe to unreasonable risks." *Atkins*, 335 So. 2d at 141. Thus, Plaintiffs cannot state a valid AEMLD claim unless Plaintiffs were "the ultimate users or consumes" of the firewood. *Casrell*, 335 So. 2d at 131.

In this case, Plaintiffs do not allege that they actually used or consumed any chemically-treated firewood sold by Louisiana-Pacific as scrap. Compl., ¶¶ 132-37. Nor do Plaintiffs allege that they indirectly or "passively" burned or used any allegedly contaminated firewood. *Id.*; *see Atkins*, 335 So. 2d at 148-49 (endorsing Restatement (Second) of Torts § 402(A), cmt. l). Instead, Plaintiffs assert an AEMLD cause of action based solely on the allegation that the general public burned chemically-treated scrap wood sold by Louisiana-Pacific. Compl., ¶ 134.

Count Seven thus fails as a matter of law. Because Plaintiffs do not allege that *they* burned, used, consumed, or otherwise had a tangible connection to a defective product, Plaintiffs cannot state a claim under the AEMLD. Rule 12(b)(6) therefore requires this Court to dismiss Count Seven.

**B.    Plaintiffs Fail To Allege That Louisiana-Pacific Was "In The Business" Of Selling Firewood.**

Likewise, Plaintiffs do not allege that Louisiana-Pacific was "in the business of" selling firewood. Alabama law clearly establishes that the AEMLD only applies if "the seller was engaged in the business of selling" the allegedly defective product. *Casrell*, 335 So.2d at 132-33; *Atkins* at 335 So.2d 140-41. "That requirement excludes isolated or occasional sellers." *Baugh v. Bradford*, 529 So. 2d 996, 999 (Ala. 1988). Occasional sellers simply do

not fall within the ambit of the AEMLD. *McGraw v. Furon Co.*, 812 So. 2d 273, 275-76 (Ala. 2001).

Here, Plaintiffs seemingly attempt to side-step this element of a viable AEMLD claim by alleging that Louisiana-Pacific's wood treatment Facility "was engaged in the manufacture and sale and placement of wood and wood products." Compl., ¶ 135. Plaintiffs do not allege, however, that Louisiana-Pacific was "in the business" of selling *firewood*, the specific product allegedly causing their injuries. Indeed, Louisiana-Pacific allegedly sold the firewood as scrap material or co-product, not as a product manufactured as primary part of Louisiana-Pacific's regular business. Compl., ¶¶ 84, 132-34. Because the occasional sale of a discarded item does not render the seller "in the business" of selling a defective product, *McGraw*, 812 So. 2d at 275-76, Count Seven fails to state a viable claim under the AEMLD and should be dismissed.

      **C.**    **Plaintiffs Fail to Allege that Defective Firewood Reached End Users or Consumers Without Substantial Change in Condition, or that Louisiana-Pacific Expected it to Do So.**

Not only do Plaintiffs fail to allege that they actually used, consumed, or was exposed to any defective firewood and that Louisiana-Pacific was in the business of selling firewood, Plaintiffs also omit two other critical elements of a *prima facie* AEMLD claim. Proof that the allegedly-defective product reached the consumer without substantial change in the condition in which it was sold is an "essential element" of a viable AEMLD claim. *See Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839 (Ala. 2002). Plaintiffs must also show that a selling defendant actually *expected* the product to reach the end user or consumer without substantial change in condition. *Id.* Without both of these showings, Plaintiffs cannot recover under the AEMLD. *Clarke Indus., Inc. v. Home Indem. Co.*, 591 So. 2d 458 (Ala. 1991).

14

Here, Count Seven does not allege that Louisiana-Pacific sold firewood that ultimately reached Plaintiffs, as the end users or consumers, in substantially the same condition as when it was sold. *See* Compl., ¶¶ 132-37. Nor do Plaintiffs assert that Louisiana-Pacific expected the firewood to reach the end users or consumers without a substantial change in condition. *Id.* Accordingly, Count Seven fails to state an AEMLD claim upon which relief can be granted and should be dismissed.

**VIII. This Court Should Dismiss Count Nine Because it Fails to State a Claim Upon Which Relief Can be Granted.**

This Court should also dismiss Count Nine, captioned "Spoliation, Destruction of Evidence," for failure to state a claim. Count Nine vaguely asserts that unspecified laws required Louisiana-Pacific to maintain unspecified Facility records. Compl., ¶¶ 150-51. Plaintiffs allege that these unspecified records "*may have been* subject to spoliation or destruction." Compl., ¶ 148 (emphasis added).

Conceding that the records are not needed to prove their other claims, Plaintiffs nonetheless asserts that (i) spoliation is an independent civil cause of action, and (ii) this Court should shift the burden of proof to Defendants on all other causes of action in the First Amended Complaint. Compl., ¶¶ 148, 159. Both assertions are incorrect as a matter of law.

    **A.    Alabama Does Not Recognize a "Spoliation" Cause of Action.**

Even assuming that Plaintiffs' generalized spoliation allegations are true, Count Nine fails to state a claim because Alabama does not recognize a spoliation cause of action. In *Christian v. Kenneth Chandler Constr. Co.*, 658 So. 2d 408 (Ala. 1995), the Alabama Supreme Court expressly rejected "spoliation" as an independent tort. *Id.* at 413; s*ee also Brown Electro Mech. Sys., Inc. v. Thompson Eng'g, Inc*., 848 So. 2d 238, 240 (Ala.

15

2002)("this Court had never recognized spoliation of evidence as a cause of action"). Because spoliation is not a cause of action under Alabama law, Rule 12(b)(6) requires this Court to dismiss Count Nine for failure to state a claim upon which relief can be granted.

### B. Plaintiffs Concede that the Allegedly-Spoliated Records Are Not Material to Their Claims.

Second, the plain language of the Complaint requires dismissal of Count Nine even if this Court concludes that Plaintiffs' spoliation allegations somehow amount to a recognized cause of action. Although proof of spoliation may support an adverse inference of liability against a defendant in extraordinary circumstances, courts cannot shift the evidentiary burden of proof unless the missing documents are critical to Plaintiffs' case. *Vesta Fire Ins. Corp. v. Milam & Co. Constr.*, 901 So. 2d 84, 95 (Ala. 2004). Indeed, the missing documents must be "key evidence" of Plaintiffs' claims. *Id.* (quoting *Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 176 (Ala. 2000)).

Here, Plaintiffs explicitly concede that (i) they are unsure whether spoliation actually occurred, and (ii) the possibly-destroyed records are "not necessary for adequate proof of [their] claim." Compl., ¶ 148.[7] If the allegedly-spoliated records are not necessary to their claims, Plaintiffs can neither state a cause of action nor justify shifting the burden of proof to Defendants under Alabama law. *Vesta,* 901 So. 2d at 95. Thus, Count Nine would fail to state a claim upon which relief can be granted even if Alabama recognized a cause of action for spoliation. Rule 12(b)(6) requires this Court to dismiss Count Nine.

### IX. In the Alternative, this Court Should Order Plaintiffs to Provide a More Definite Statement of Their Spoliation Claim.

---

[7] Count Nine also appears to be premature given that Plaintiffs admittedly do not know whether a factual basis for their spoliation claim exists.

16

Alternatively, if this Court does not to dismiss Count Nine, Louisiana-Pacific respectfully requests an Order for a more definite statement under Rule 12(e). Claiming that unspecified "laws" required Louisiana-Pacific to maintain unidentified "written records" relating to the Facility, Plaintiffs provide no indication whatsoever as to what laws they contends are at issue. Compl., ¶¶ 148-59. Nor do Plaintiffs provide even basic information regarding the records that "*may* have been subject to spoliation." Compl., ¶ 148 (emphasis added). Plaintiffs thus leave Defendants to make unfounded guesses about the records at issue, what the general contents might have been, the laws or regulations requiring preservation, or when and how the alleged spoliation occurred.

Stated differently, the Complaint's vagueness and lack of detail force Louisiana-Pacific to speculate about the fundamental nature of Plaintiffs' "spoliation" claim. Rule 12(e) entitles Louisiana-Pacific to basic information regarding Plaintiffs' claims. Therefore, this Court should require a more definite statement of the allegations in Count Nine so that Louisiana-Pacific can frame a responsive pleading.

**X.    This Court Should Order Plaintiffs To Provide a More Definite Statement of Their Alleged Chemical Exposures and Resulting Injuries.**

Finally, Louisiana-Pacific respectfully requests an Order requiring Plaintiffs to provide a more definite statement of the times, places, and circumstances of their alleged chemical exposures and the resulting diseases or injuries. Completely independent of the arguments supporting Louisiana-Pacific's other motions, Rule 12(e) entitles Louisiana-Pacific to basic information regarding Plaintiffs' alleged exposures and injuries. Here, Plaintiffs fundamentally claim that (i) a wood treatment Facility in Lockhart emitted various chemicals, and (ii) Plaintiffs lived in the Lockhart/Florala area for unknown periods of time.

To be sure, Plaintiffs allege a litany ways that a plethora of different chemicals might have escaped from the Facility over several decades.  What Plaintiffs do *not* provide, however, is any indication whatsoever as to how, when, and where *they* allegedly encountered the chemicals, which chemicals they encountered, and what disease(s) occurred as a result. Louisiana-Pacific cannot ascertain – in even general terms – when Plaintiffs supposedly lived in the area; whether Plaintiffs allegedly encountered chemicals released by Pactiv, Louisiana-Pacific, or both; what the approximate timeframes of exposure were; whether the exposures occurred during the course of employment; whether they occurred on Plaintiffs' property or elsewhere; which chemicals Plaintiffs allegedly encountered; or even what injuries or diseases Plaintiffs suffered.

In other words, Plaintiffs make no effort whatsoever to give Defendants fair notice of their claims.  Instead, Plaintiffs present the type of classic shot-gun pleading that is impermissible in this Circuit. *See, e.g., Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997).  Indeed, other Courts have recognized that "general averments" are inadequate in chemical exposure cases involving multiple Defendants. *See, e.g., Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1295 (N.D. Ga. 2005).  Instead, Plaintiffs should be required to allege the approximate dates and circumstances of their exposures so that each Defendant can ascertain its alleged role in the injury asserted and determine whether Plaintiffs' claims are even permissible under the applicable statutes of limitation. *Id.*

Because Plaintiffs provides no indication as to how, when, or where the alleged exposures at the heart of this case occurred, Louisiana-Pacific cannot reasonably be required to frame a responsive pleading or even make a preliminary assessment of its alleged contribution to Plaintiffs' injuries.  In fact, Louisiana-Pacific does not even know what injuries allegedly occurred.  Under Rule 12(e), this Court should therefore order Plaintiffs to

18

provide a more definite statement of (i) the circumstances surrounding their alleged exposures (including relevant dates); and (ii) the injuries that supposedly resulted.

## CONCLUSION

For the reasons set forth above, this Court should dismiss Counts One, Three, Six, Seven, Eight, and Nine because they are barred by the applicable statute of limitations period.

This Court should also dismiss Counts Three, Five, Six, Seven, and Nine for failure to state a claim upon which relief can be granted. Alternatively, this Court should require Plaintiffs to provide a more definite statement of their claims as to each of these causes of action.

Finally, this Court should order Plaintiffs to provide a more definite statement of their alleged exposures and resulting injuries so that Louisiana-Pacific can reasonably frame a responsive pleading.

Respectfully submitted this 22nd day of March, 2006.

/s/Dennis R. Bailey
Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB No. 3422-F55R
Counsel for Defendant
Louisiana-Pacific Corporation

Of counsel:
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL  36101-0270
Tel: (334) 206-3234 (Bailey)
Tel: (334) 206-3126 (Huffaker)
Fax: (334) 481-0031 (Bailey)
Fax:  (334) 481-0049 (Huffaker)
E-mail:  drb@rsjg.com (Bailey)
E-mail:  rah2@rsjg.com (Huffaker)

ATL01/12177661v1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

H. Thomas Wells, Jr.

John A. Earnhardt

/s/ Dennis R. Bailey
Of Counsel

ATL01/12177661v1