IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERRI L. DAVIS, *et. al*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| ) | 2:06-cv-00187-WKW |
| ) | |
| v. ) | (Removed from the Circuit Court of |
| ) | Covington County, Alabama, |
| ) | formerly Civ. Action No. CV-2006- |
| ) | 0019) |
| TMA FOREST PRODUCTS GROUP, *et al.* ) | |
| ) | |
| Defendants. ) | |

**PACTIV CORPORATION'S AND LOUISIANA-PACIFIC CORPORATION'S
JOINT RESPONSE TO PLAINTIFFS' MOTION TO REMAND**

Defendants Pactiv Corporation ("Pactiv") and Louisiana-Pacific Corporation ("Louisiana-Pacific") respectfully submit this Joint Response to Plaintiffs' Motion to Remand.

**INTRODUCTION**

This case is one of ten virtually identical lawsuits relating to operations at a former wood treatment facility in Lockhart, Alabama. The plaintiffs filed four of those lawsuits in this Court, naming only Pactiv and Louisiana-Pacific as defendants and invoking federal diversity jurisdiction.[1] The plaintiffs also filed six lawsuits in Alabama state court.[2]

---

[1] *See M.C. v. Pactiv Corp., et al.*, No. 2:06-cv-83-WKW-CSC; *Phillips v. Pactiv Corp., et al.*, 2:06-cv-84-WKW-SRW; *Thompson v. Pactiv Corp., et al.*, 2:06-cv-85-WKW-SRW; *Edwards v. Pactiv Corp., et al.,* No. 2:06-cv-86-WKW-CSC.

[2] *See Madden v. TMA Forest Prod. Group, et al.*, No. 2:06-cv-186-WKW-CSC; *Davis v. TMA Forest Prod. Group, et al., et al.*, 2:06-cv-187-WKW-SRW; *Douglas v. TMA Forest Prod. Group, et al.*, No. 2:06-cv-188-WKW-VPM; *Thompson v. TMA Forest Prod. Group, et al.,* No. 2:06-cv-189-WKW-VPM; *Kelley v. TMA Forest Prod. Group, et al.*, No. 2:06-cv-190-WKW-VPM; *Cravey v. TMA Forest Prod. Group, et al.,* No. 2:06-cv-191-WKW-DRB.

Apparently attempting to defeat diversity, the state-court plaintiffs also named "D & D Lumber Company, Inc., doing business as Lockhart Lumber Company" as a third defendant (the "Third Defendant"). Plaintiffs allege that the Third Defendant operated the wood treatment facility for a number of years. Complaint ¶¶ 8, 11.

Pactiv and Louisiana-Pacific jointly removed the six state-court lawsuits based on the fraudulent joinder doctrine and diversity jurisdiction. Complete diversity unquestionably exists between Plaintiffs in this case (Alabama citizens) and defendants Pactiv (a citizen of Delaware and Illinois) and Louisiana-Pacific (a citizen of Delaware and Tennessee). The amount in controversy exceeds $75,000. The only contested issue raised by Plaintiffs' Motion to Remand is whether the Third Defendant, named only in the state-filed complaints, is a properly-named defendant.

The basis for this Court's diversity jurisdiction is straightforward: Plaintiffs cannot possibly state a claim against the Third Defendant because the Third Defendant never owned or operated the wood treatment facility. *Indeed, the entities named as Third Defendant did not even exist until late 1978— well after Pactiv had already acquired the Facility.* Although different corporations with the same names operated the facility in the 1960s and 1970s, Plaintiffs do not (and cannot) name them in the Complaint. Those entities dissolved after Pactiv acquired the Facility and have not existed for more than 27 years.

## FACTS

### Prior To The 1977 Transaction

Prior to the 1977 transaction, the facility was owned and operated by Lockhart Lumber Company, Inc. ("Old Lockhart Lumber") and/or D & D Lumber Company, Inc. ("Old D & D Lumber"). Old Lockhart Lumber was an Alabama corporation first incorporated in Covington

2

County on August 30, 1958 by Solon Dixon, Charles Dixon, C. M. Jackson, and Grover Little. *See* Old Lockhart Lumber Secretary of State Record (Exhibit 1). Old Lockhart Lumber owned all of the shares of Old D & D Lumber, a Delaware corporation. *See* Agreement at 3 (Exhibit 2). Old D & D Lumber was qualified to conduct business in Alabama since December 17, 1957. *See* Old D & D Lumber Secretary of State Record (Exhibit 3).

Old Lockhart Lumber was a wholly-owned subsidiary of Dixon Lumber Company, Inc., a Delaware corporation ("Dixon"). Dixon also owned shares in Conecuh Lumber Company, Inc., an Alabama corporation ("Conecuh"). *See* Agreement at 4 (Exhibit 2).

### The 1977 Stock Purchase Agreement

Pursuant to a stock purchase agreement dated December 15, 1977, Pactiv's corporate predecessor, Tennessee River Pulp and Paper Company, a Delaware corporation ("Tennessee River"), through a subsidiary, T.D. Lumber Company, also a Delaware corporation ("TD Lumber"), purchased all outstanding Dixon stock from Dixon's shareholders. *See* Agreement (Exhibit 2). The transaction closed on January 19, 1978. *See* Closing Memorandum (Exhibit 4). It was through this transaction that Pactiv's corporate predecessor acquired the facility.

Thus, when the transaction closed on January 19, 1978, Dixon, Old Lockhart Lumber, Old D & D Lumber, and Conecuh all became direct or indirect subsidiaries of Tennessee River, Pactiv's corporate predecessor.

### The November 1978 Corporate Restructuring

On or about November 1, 1978, all of the acquired entities merged into Tennessee River through a series of mergers. TD Lumber merged into Dixon; Dixon merged into Conecuh; Conecuh merged into Old Lockhart Lumber; Old Lockhart Lumber merged into Old D & D Lumber; and Old D & D Lumber merged into Tennessee River. *See* Declaration of John Olsen

3

(Exhibit 5). Therefore, as of November 1, 1978, Old Lockhart Lumber and Old D & D Lumber no longer existed. Tennessee River, through its TMA Forest Products Group division, then owned and operated the facility. *See* Exhibit B to Motion to Remand (notifying the State of the ownership change).

Even though the acquired entities ceased to exist following the restructuring, Tennessee River's parent company, Packing Corporation of America ("PCA"), took steps to save the corporate names associated with those entities in Alabama, Florida, and Tennessee. *See* January 5, 1979 C T Corporation Systems Letter (Exhibit 6). The names were reserved in Alabama on an informal basis as of November 1, 1978 for a period of 90 days. *Id.* PCA then incorporated new entities simply to ensure that no one else could take the names once the 90-day period expired. *See* November 1, 1978 Alabama Secretary of State Letter (Exhibit 7).

On November 13, 1978, D & D Lumber Company, Inc. ("New D & D Lumber") and Lockhart Lumber Company, Inc. ("New Lockhart Lumber"), among other entities, were first incorporated in Montgomery County, Alabama. *See* January 18, 1979 United States Corporation Company Letter (Exhibit 8); *see also* New D & D Lumber and New Lockhart Lumber Secretary of State Records (Exhibit 9). New D & D Lumber and New Lockhart Lumber were incorporated by Paul Allersmeyer, John Hoenigmann, and Thomas Hennelly, employees of United States Corporation Company, the company hired by PCA to set up the name-saver corporations. *See* Articles of Incorporation (Exhibit 10).

It is important to note that New D & D Lumber and New Lockhart Lumber never had any active operations anywhere. They were simply placeholders. *See* Declaration of John Olsen (Exhibit 5). Tennessee River, the Pactiv corporate predecessor and properly-named diverse defendant, continued to operate the facility until it was sold to Louisiana-Pacific in 1983. *Id.*

4

**STANDARD OF REVIEW**

Fraudulent joinder is a judicially created doctrine that supports the complete diversity requirement by requiring a realistic look at the named parties. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998). Fraudulent joinder exists where "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Meigs v. CSX Transp., Inc.*, No. 3:04-cv-428, 2005 U.S. Dist. LEXIS 34814, at *4 (M.D. Ala. Dec. 9, 2005). "The potential for legal liability must be reasonable, not merely theoretical. In considering possible state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight. . . . [R]eason and common sense have some role." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (citations and quotations omitted)(emphasis in original).

The fraudulent joinder determination is based on the plaintiff's pleadings and any supplemental evidence submitted by the parties. *Id.* at 1322 (noting similarity to summary judgment). Although a district court must resolve all questions of fact in favor of the plaintiff, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* at 1323. Courts do not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000))(emphasis omitted). When the removing party sets forth clear and convincing evidence establishing fraudulent joinder, a court cannot resolve any facts in the plaintiff's favor based on unsupported allegations. *Id.*

5

**ARGUMENT**

I. **The Corporate Entities Sued As The Third Defendant Never Owned or Operated The Lockhart Facility.**

This is a straightforward removal issue. Plaintiffs sued the wrong corporate entities. And no other corporate entities could be sued to destroy diversity. This was not a typographical error.

Instead of naming Old D & D Lumber or Old Lockhart Lumber — the entities that actually operated the facility — Plaintiffs sued New D & D Lumber and New Lockhart Lumber (name-saver corporations with no active operations at all).[3] But there is no possibility that Plaintiffs can state a claim against New D & D Lumber or New Lockhart Lumber. *See, e.g., Bloodsworth v. Smith & Nephew*, No. 2:05cv622, 2005 U.S. Dist. LEXIS 38756, at *14-15 (M.D. Ala. Dec. 19, 2005) (finding fraudulent joinder because the defendant had no involvement with the products at issue); *Meigs*, 2005 U.S. Dist. LEXIS 34814, at *6 (finding fraudulent joinder where the plaintiff sued the wrong party). Plaintiffs have no viable resident defendant: the entities that operated the facility prior to 1978 no longer exist, and the sued entities that do exist never operated the facility.

Plaintiffs identified New D & D Lumber and/or New Lockhart Lumber as Alabama corporations having principal places of business in Montgomery County. Plaintiffs served two of their initial incorporators, Paul Allersmeyer and John Hoenigmann. *See* Complaint ¶ 5. In contrast, Old D & D Lumber was a Delaware corporation and Old Lockhart Lumber was

---

[3] Since Old D & D Lumber and Old Lockhart Lumber no longer exist, they cannot be sued as separate entities. *See* Ala. Code § 10-2B-11.06(a)(1) ("Every other corporation party to the merger merges into the surviving corporation and the separate existence of every corporation except the surviving corporation ceases."); 8 Del. Code § 259(a) ("When any merger or consolidation shall have become effective . . . the separate existence of all the constituent corporations . . . shall cease.").

6

incorporated in Covington County, Alabama. Neither Mr. Allersmeyer nor Mr. Hoenigmann has any connection to Old D & D Lumber or Old Lockhart Lumber.

Plaintiffs present no issue of fact concerning the status of New D & D Lumber or New Lockhart Lumber (the Third Defendant) to defeat removal. Plaintiffs do not present a shred of evidence in support of the Motion to Remand showing that the Third Defendant had any connection to the facility. Instead, the only arguments Plaintiffs raise are based on the misconception that there was only one D & D Lumber and Lockhart Lumber. This is simply and indisputably not the case.

Plaintiffs' evidentiary "support" for remand merely confirms Plaintiffs' mistaken joinder. First, Plaintiffs reference a Secretary of State record for the "Lockhart Lumber Company, Inc." that existed from August 30, 1958 through November 1, 1978. *See* Motion to Remand ¶ 5. This is a record for Old Lockhart Lumber (which existed from 1958 through 1978), not the New Lockhart Lumber sued by Plaintiffs (which first existed in 1978).

Second, Plaintiffs cite two letters written in the early 1970s concerning facility operations which reference "Lockhart Lumber Company, Inc." *Id.* ¶ 6 & Exhibits A1-A2. Because New Lockhart Lumber did not exist for another six years, these letters clearly reference the operations of Old Lockhart Lumber. Each letter references C. M. Jackson, an incorporator and officer of Old Lockhart Lumber, not the New Lockhart Lumber sued by Plaintiffs. *See supra* at 3-5.

Finally, Plaintiffs cite a March 1979 letter in which Tennessee River notified the State that the transfer of facility ownership and title following the November 1978 corporate reorganization was complete. *See* Motion to Remand ¶ 6 & Exhibit B. The letter in no way indicates that the name-saver companies sued by Plaintiffs ever operated the facility. To the

7

contrary, it reaffirms that Tennessee River, Pactiv's corporate predecessor, operated the facility after the November 1978 reorganization, not New Lockhart Lumber or New D & D Lumber.

There is nothing to show that either New D & D Lumber or New Lockhart Lumber had any connection to the facility. Without such evidence, there are simply no facts in dispute. Plaintiffs have no possible claim against New D & D Lumber or New Lockhart Lumber, and their joinder in this case cannot destroy complete diversity between the parties.

## II.     Even If Plaintiffs Properly Named the Third Defendant, Any Claims Are Time-Barred.

Even assuming that the non-diverse shell entities owned or operated the Facility — which they did not — any possible claim against them would be time-barred. At most, Plaintiffs' claims are subject to a six-year limitations period. *See* Ala. Code § 6-2-34. Plaintiffs' claims are also subject to Alabama's 20-year rule of repose. *See, e.g., Morgan v. Exxon Corp.*, 869 So. 2d 446, 448 (Ala. 2003). Under Alabama's "first injury" rule, Plaintiffs' claims accrued and could have been asserted when the Third Defendant allegedly operated the Facility, ending in 1979. The limitations and repose periods have therefore long-since expired.

Pactiv's and Louisiana-Pacific's motions to dismiss, filed on March 22, 2006, discuss the statute of limitations and rule of repose defenses in detail. Plaintiffs' responses, including 42 U.S.C. § 9658 and Alabama's continuous tort doctrine, will be addressed further in Pactiv's and Louisiana-Pacific's replies in support of their motions to dismiss. Since these defenses apply in the same manner to the Third Defendant (which according to Plaintiffs' Complaint allegedly ceased operations in 1979) as they do to Pactiv (which ceased operations in 1983), they will not be repeated in detail here.

Plaintiffs, however, argue that because the limitations and repose defenses also apply in whole or in part to claims against Pactiv and Louisiana-Pacific, this Court cannot consider them in assessing Plaintiffs' fraudulent joinder of the Third Defendant.[4] Plaintiffs are incorrect. Not only has the Eleventh Circuit not adopted the so-called "common defense rule," which is inconsistent with basic fraudulent joinder principles, but the rule cannot apply here. Unlike Pactiv's motion to dismiss, Louisiana-Pacific's motion to dismiss does not assert that Alabama's statutes of limitation or rule of repose completely bar all of Plaintiffs' claims against Louisiana-Pacific. In other words, the parties do not assert a "common defense," and the rule cannot apply.

### A. The "Common Defense Rule" Invoked By Plaintiffs Is Inconsistent With Eleventh Circuit Fraudulent Joinder Precedent.

The so-called "common defense rule," adopted by the Third and Fifth Circuits and endorsed by Judge Thompson in this district, reasons that "because the common defenses are not unique to the non-diverse defendants, they indicate nothing in particular about the specific reason the non-diverse individuals were joined." *Poole v. Am. Int'l Group, Inc.*, 414 F. Supp. 2d 1111, 1117 (M.D. Ala. 2006) (Thompson, J.).[5] Plaintiffs thus suggest that because the limitations and repose defenses are supposedly common to all defendants, the Court must reach "the inescapable conclusion that the joinder was made in good faith." Motion to Remand at ¶ 11.

Plaintiffs' reliance on the common defense rule, however, contradicts basic fraudulent joinder principles. Fraudulent joinder does not depend on Plaintiffs' good or bad faith. Eleventh

---

[4] Plaintiff does not contend that the common defense rule applies to Pactiv's and Louisiana-Pacific's primary ground for fraudulent joinder—that the Third Defendant never owned or operated the facility. Motion to Remand at ¶¶ 10-11. The Court therefore only has to consider the rule if it finds that Plaintiffs set forth evidence to show that the Third Defendant operated the facility, and thus considers these alternate grounds for fraudulent joinder.

[5] *See also Wright v. Met. Life Ins. Co.*, 74 F. Supp. 2d 1150, 1154 (M.D. Ala. 1999) (Thompson, J.) (endorsing the common defense rule only after finding that the "plaintiff's intent is <u>not</u> '<u>irrelevant</u> to the fraudulent joinder inquiry. . . .'") (citation omitted) (emphasis added).

9

Circuit (and Supreme Court) precedent clearly establishes that intent or motive in joining the non-diverse party is irrelevant to fraudulent joinder analysis. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998)("Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important" in assessing fraudulent joinder)(citing *Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184 (1913)). *See also Jerome Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("[Plaintiff's] motive in joining [the non-diverse defendant] is immaterial to our determination regarding fraudulent joinder."); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("'Fraudulent' is a term of art. . . . [I]n most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives.").

Instead, fraudulent joinder depends solely on whether a plaintiff can possibly state a claim against the non-diverse defendant. *See supra* at 5. In making this determination, a court does not decide the ultimate merits of the claim. Instead, it simply determines whether there is any possibility of success. Whether the same defense will subsequently apply to the diverse defendants is irrelevant to the fraudulent joinder analysis:

> [I]t is, perhaps, slightly peculiar to speak of [the non-diverse defendants] as sham defendants because the statute of limitations bars a claim against them, when that would seem to lead to an argument that [the diverse defendant] itself is a sham because the statute of limitations has also run against it. Nevertheless, the fact is that [the plaintiff] did not state a cause of action against anyone, and his failure to state that cause of action against [the non-diverse defendants] demonstrates beyond peradventure that they were sham defendants for purposes of removal.

10

*Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998). Therefore, the reasoned case law rejects the so-called "common defense rule" because it is based on a mistaken basis that the plaintiff's intent matters for fraudulent joinder analysis.[6]

### B. The Common Defense Rule Cannot Apply Here Because The Limitations And Repose Defenses Do Not Resolve All Claims Against All Defendants.

Even if the Eleventh Circuit adopted the "common defense rule," it would not apply here. The rule only applies where a defense would equally resolve all claims against all defendants. Although the limitations and repose defenses are applicable to Plaintiffs' claims against Pactiv and the Third Defendant, Louisiana-Pacific's Motion to Dismiss does not contend that these defenses bar <u>all</u> of Plaintiffs' claims against Louisiana-Pacific.

The common defense rule, by its own terms, applies "[i]f, but only if, the showing which forecloses [plaintiffs'] claims against the non-diverse defendants necessarily and equally compels foreclosure of all their claims against all the diverse defendants. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 389-91 (5th Cir. 2005)(emphasis omitted)(citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied* 544 U.S. 992 (2005); *see also Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir. 2004). If the defense would not equally compel dismissal of <u>all</u> claims against <u>all</u> diverse defendants, the common defense rule does not apply. *See, e.g., Boone*, 416 F.3d at 390; *Pierce v. Clarion Ledger*, No. 4:05CV75LN, 2006 WL 176444, at *5 n.8 (S.D. Miss. Jan. 19, 2006); *Lewis v. Allstate Ins. Co.*, No. H-03-5095, 2005 WL 1704797, at *3 n.5 (S.D. Tex. July 20, 2005).

---

[6] If Judge Thompson is correct that motive is relevant in assessing fraudulent joinder, Plaintiffs' good faith in joining the Third Defendant is hardly an "inescapable conclusion." The plaintiffs, after all, elected to file four nearly identical lawsuits in federal court naming only Pactiv and Louisiana-Pacific as defendants. It is therefore readily apparent that Plaintiffs named the Third Defendant in this state-filed case solely to defeat diversity. Because there is direct evidence of Plaintiffs' motive here, Judge Thompson's reasoning in *Wright* actually compels a finding of fraudulent joinder. 74 F. Supp. 2d at 1154-55.

In this case, the statute of limitations and repose defenses plainly do not equally resolve all claims against all defendants. Plaintiffs' Motion to Remand does not even attempt to meet this standard. Because Plaintiffs allege that Louisiana-Pacific operated the facility from 1983 through 1999, Louisiana-Pacific has not moved to dismiss Plaintiffs' claims subject to Alabama's six-year limitations period or the Alabama rule of repose. *See* Louisiana-Pacific's Memorandum of Law in Support of Motion to Dismiss. Therefore, even if the Eleventh Circuit recognized the common defense rule, it would not apply.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Remand and dismiss "D & D Lumber Company, Inc., doing business as Lockhart Lumber Company" from this case because Plaintiffs have no possible claim against either entity.

Dated: May 5, 2006

   /s/ John A. Earnhardt
H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

          /s R.Austin Huffaker  
          Dennis R. Bailey (4845-I71D)  
          R. Austin Huffaker (3422-F55R)  

          Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.  
184 Commerce Street  
Post Office Box 270  
Montgomery, AL 36101  
Tel:  (334) 206-3100  
Fax:  (334) 262-6277  
drb@rsjg.com  
rah2@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

H. Thomas Wells, Jr.

John A. Earnhardt

E. Bryan Nichols


/s R.Austin Huffaker
Of Counsel