**IN THE UNITED STATES DISTRICT COURT FOR<br>THE MIDDLE DISTRICT OF ALABAMA<br>NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHERRI L. DAVIS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CASE NO. 2:06-cv-187-WKW** |
| **vs.** | ) | |
| | ) | |
| **PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' JOINT MOTION TO COMPEL<br>PRODUCTION OF PRIOR WITNESS STATEMENTS**

Defendants Pactiv Corporation and Louisiana-Pacific Corporation, through counsel, and pursuant to Federal Rule of Civil Procedure 37(a), hereby move the Court to compel Plaintiffs to produce prior witness statements by the ten party and non-party witnesses subject to the proposed Consent Scheduling Order on Expedited Depositions (June 22, 2006). In support thereof, Defendants state as follows:

1. On May 23, 2006, Plaintiffs' counsel indicated to the Court that depositions to preserve testimony were needed for ten party and non-party witnesses on an expedited basis prior to the start of discovery. *See* May 23, 2006 Transcript at 31-32 (attached hereto as Exhibit A).

2. In support of that request, Plaintiffs represented that these parties and witnesses, although not in any imminent danger, are in deteriorating health, and that:

> [S]ome of the ex-employees who are not old enough to have Alzheimer's are showing symptoms, and we don't know how fast they're going to go downhill. We'd like to get a few of the key witnesses who are starting to show cognitive deficiencies. . . .

* * *

> [P]eople are getting forgetful, and they are unexpectedly coming down, relapsing, and dying.

*Id.* at 32, 34.

3. On May 25, 2006, the Court issued an Order directing Plaintiffs to file the names of ten parties or witnesses for whom they sought expedited discovery for the purpose of preserving their testimony by deposition due to illness. Plaintiffs filed their list on May 25, identifying six party (Gail Tatum, Kandy Creech, Dorothy DeVaughn, Deborah Ann Reynolds, Sherrie Davis, and Sandra Cobb) and four non-party witnesses (Roy Ezell, John "Buck" Roberts, Jackie Partridge, and Carlton Dukes).

4. The parties subsequently agreed to tentative dates for completing the expedited depositions, as reflected in the proposed Consent Scheduling Order on Expedited Depositions filed on June 22, 2006. The tentative dates leave Defendants with a short window of time to prepare. Discovery depositions for the six plaintiffs are expected to take place the week of July 10, with preservation depositions to follow the week of July 24. Discovery depositions for the four non-party witnesses are expected to take place the weeks of August 14 and 21, with preservation depositions to follow the weeks of September 4 and 11.

5. Plaintiffs have confirmed that they have in their possession prior videotaped statements by the four non-party witnesses and some or all of the six party witnesses. Plaintiffs showed Defendants limited excerpts of these videos during the prelitigation process.

6. These prior statements would already be critical to Defendants' trial preparation if discovery were to proceed in the normal course. But here, the statements are even more important as Defendants quickly prepare for what may be their only opportunity to examine key trial witnesses at the upcoming preservation depositions.

7. Defendants have conferred with Plaintiffs' counsel in good faith in an effort to secure the videotaped statements without court action. *See, e.g.*, June 7, 2006 Letter at 4 (attached hereto as Exhibit B); June 20, 2006 Letter (attached hereto as Exhibit C). Plaintiffs' counsel have declined Defendants' requests to produce the statements.

8. The statements are discoverable. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things. . . ."

9. Plaintiffs may claim that the statements are work product protected by Federal Rule of Civil Procedure 26(b)(3). Even assuming that work product protection applies, however, the statements are still discoverable "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

10. The advisory committee note to Rule 26(b)(3) recognizes that a party cannot obtain the substantial equivalent of a prior statement, even by deposing the witness, where the witness "may have a lapse of memory." *See also* Wright & Miller, Federal Practice & Procedure § 2025 ("No one doubts that production [of prior statements] should be ordered if the witness has a faulty memory and no longer remembers details of the event."). Courts have thus repeatedly ordered the disclosure of prior statements due to a witness' present inability to recall the details of the past event(s). *See, e.g., In re Int'l Sys. & Controls Corp.*, 693 F.2d 1235, 1240 (5th Cir. 1982) (stating that a party may "demonstrate undue hardship if the witness cannot recall the events in question"); *S. R.R. Co. v. Lanham*, 403 F.2d 119, 126-29 (5th Cir. 1968) (ordering

disclosure of prior statements); *Varuzza v. Bulk Materials, Inc.*, 169 F.R.D. 254, 257 (N.D. N.Y. 1997) (same).

11.     The advisory committee note to Rule 26(b)(3) further recognizes that a party might not obtain the substantial equivalent of a prior statement where the witness "may be reluctant or hostile." *See also Lanham*, 403 F.2d at 128-29 (noting that the witnesses' ongoing employment with a party created "a situation of inequality between the parties with respect to gathering accurate statements," which favored production of prior statements).

12.     In this case, Plaintiffs have represented, as the very basis for requesting expedited preservation depositions before the start of discovery, that the witnesses are "showing symptoms" of Alzheimer's, "starting to show cognitive deficiencies," and "getting forgetful." *See supra* ¶ 2. Considering Plaintiffs' counsels' representations concerning their clients' increasing inability to recall past events, Defendants are unlikely to be able to obtain the substantial equivalent of the prior videotaped statements through discovery depositions. The statements may contain information that is not otherwise available to Defendants, especially given the short time frame leading up to the preservation depositions.

13.     Moreover, all ten of the witnesses are aligned with Plaintiffs. Defendants have been informed that all ten witnesses, including the four (as of now) non-party witnesses, are clients of Plaintiffs' counsel. Plaintiffs' counsel have indicated that the four non-party witnesses also have potential claims against Defendants. The prior statements therefore may be more accurate and complete than any testimony that could be elicited by Defendants at a deposition.

14.     Defendants have a substantial need to quickly obtain the videotaped statements from these critical witnesses. Six of the witnesses are parties. The testimony of the other four

non-party witnesses relates to the historic operation of the wood treatment facility, which goes to the very heart of Plaintiffs' claims.

15. To accommodate Plaintiffs' desire to preserve testimony, even though the ten witnesses are not in any imminent danger, Defendants have agreed to take the preservation depositions of the six plaintiffs the week of July 24 and the four non-party witnesses the weeks of September 4 and 11. The preservation depositions may be Defendants' only chance to examine those witnesses if they are unavailable for trial. The prior statements are critical to Defendants' preparation, especially given that both the discovery and preservation depositions will proceed before Defendants can fully engage in formal discovery.

WHEREFORE, Defendants move the Court to compel Plaintiffs to produce any prior witness statements by the ten party and non-party witnesses subject to the proposed Consent Scheduling Order on Expedited Depositions.

Defendants respectfully request that the Court resolve this issue on an expedited basis so that the parties can proceed as planned with the proposed schedule for the expedited depositions. Defendants are available for a telephone hearing to resolve this issue should the Court deem such a hearing appropriate.

Respectfully submitted this 28th day of June, 2006.

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

        /s/ Bernard S. Taylor
        Bernard S. Taylor (admitted *pro hac vice*)
        Douglas S. Arnold (admitted *pro hac vice*)
        Orlyn O. Lockard, III (admitted *pro hac vice*)

        Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

/s/ Matthew C. Sostrin
Of Counsel